## PETERS *v.* MORTIMER.

Although there may be a defence to an action at law in a matter of usury, yet, a bill will hold to compel the giving up of securities left as collateral security for the usurious debt and an injunction will be a consequence to stay the action.

THIS case came up on an order to show cause why an injunction should not issue.

By the bill, it appeared, that the defendant Richard Mortimer, in the month of November one thousand eight hundred and thirty-nine, had money to loan; and that the defendant, John R. Peters, was desirous of borrowing three thousand dollars until the spring of the next year; and offered to the defendant, if he would make such loan, to allow two per cent. per month for forbearance and to deposit three certificates of deposit of the Southern Life Insurance and Trust Company made out for one thousand dollars each. The defendant consented to make the loan, provided the complainant would get friends to endorse the certificates, which he did, procuring the endorsements of O. Holmes and Fellows, Wadsworth and Co. On the loan, the defendant claimed and insisted on the payment of about seventy-six 52-100 dollars more than the two per cent. per month, (such sum and the two per cent. amounting to three hundred and forty-three dollars,) the defendant giving, at the time, as a reason for the additional charge of seventy-six 52-100 dollars that he was obliged to run the risk of the usury laws and that there might be more danger in such a transaction than in the purchasing of notes of strangers in the street. The money not being paid in the spring, the defendant threatened suit; and did commence an action against the said Fellows, Wadsworth & Co. the endorsers of the certificates, which stood ready for trial.

The complainant's bill charged usury; waived any answer under oath; and prayed that the said defendant might be decreed to surrender and give up to the complain-

*June* 27.
1843.

*Pleading.*
*Bill.*
*Usury.*
*Jurisdiction.*
*Injunction.*
*Delivering over securities.*

ant the said three certificates of deposite; discontinue the said action; and discharge the complainant and his endorsers from all liability, &c. Mortimer was the only defendant in the bill.

Mr. *O'Conor*, on showing cause, insisted that the endorsers, composing the firm of Fellows, Wadsworth & Co. should have been made parties and that they would have power to *non-pros* in the actions at law, if the defendant here were restrained in it; and that the bill asked for no discovery, while usury was a good defence at law: *Mitchell* v. *Oakley*, 7 Paige's C. R. 68; *Perrine* v. *Striker*, Ib. 598; *Folsom* v. *Blake*, 3 Edwards' V. C. Rep. 442.

Mr. *D. E. Wheeler*, in reply. The object of the bill is to get back the securities.

On any motion for judgment of *non-pros*, it would be a good answer by the defendant that he was enjoined in his actions by John R. Peters, the complainant.

July 22, 1844.

THE VICE-CHANCELLOR :—One object of this bill is to obtain a surrender or delivery up of three certificates of deposit which may be valid instruments in the hands of the complainant against the Southern Life Insurance and Trust Company. If there be usury in the transaction between the complainant and defendant, it does not affect the securities as against the company.

The alleged usury may, for any thing appearing to the contrary, be proved on the trial at law. The bill waives all discovery from the defendant; but a trial and even the defeating of the action at law would not answer the purpose of this bill. In order to obtain the object required, namely, a delivery up of the securities, it will be necessary and right that this court should assume jurisdiction and grant an injunction.

Order, that an injunction issue; and that the bond which has been filed remain as a security.